Seth I. Rosenberg (SBN 215135)
Jessica C. Grau (SBN 305700)
EMERGENT, LLP
155 Montgomery Street, Suite 300
San Francisco, California 94104
p: 415/894-9284
f: 415/276-8929
e: seth@emergent.law
e: jessica@emergent.law

Attorneys for Plaintiffs,
JAMIE COOLEY and PATRICK COOLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMIE COOLEY and PATRICK COOLEY, | Case No. |
| Plaintiffs, | **COMPLAINT FOR PERSONAL INJURY AND DAMAGES:** |
| vs. | |
| SHARKNINJA OPERATING LLC; and DOES 1–50, Inclusive, | 1. **Strict Products Liability - Design Defect** |
| | 2. **Strict Products Liability – Manufacturing Defect** |
| Defendants. | 3. **Strict Products Liability - Failure to Warn** |
| | 4. **Negligence** |
| | 5. **Negligence – Recall** |
| | 6. **Loss of Consortium** |
| | **DEMAND FOR JURY TRIAL** |

EMERGENT

COMPLAINT FOR DAMAGES

Plaintiffs JAMIE COOLEY and PATRICK COOLEY allege as follows:

**JURISDICTION AND VENUE**

1. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 because it is a civil action between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00 dollars, exclusive of costs and interest.

2. This Court has personal jurisdiction over Defendants because they have regularly and purposefully transacted business and engaged in commercial activities within the State of California and this District.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a). A substantial portion of the events and omissions giving rise to this lawsuit occurred in this District, and the Court has personal jurisdiction over each of the parties as alleged through this complaint.

**PARTIES**

4. Plaintiff JAMIE COOLEY is a resident of the County of Alameda, California.

5. Plaintiff PATRICK COOLEY is a resident of the County of Alameda, California and at all relevant time herein was lawfully married to Plaintiff JAMIE COOLEY.

6. Defendant SharkNinja Operating LLC is a limited liability company organized and existing under the laws of the State of Massachusetts.

7. At all relevant times, SharkNinja Operating LLC was registered to do business in the State of California.

8. At all relevant times, SharkNinja and DOES 1–50 designed, produced, manufactured, marketed, distributed, and sold Nutri Ninja Blender System, Model BL680A (the "Blender") and other blenders with similar construction, including but not limited to BL610, and BL660 in California, as well as a 24-ounce stainless steel cup to be used with the blender, BL486CO (the "Cup").

/ / /

/ / /

/ / /

1.

COMPLAINT FOR DAMAGES

9. The true names and capacities of DOES 1–50 are unknown to Plaintiffs. Plaintiffs are informed and believe and thereon alleges that each of these Defendants are in some way liable for the events referred to in this Complaint and caused damage to Plaintiffs. Plaintiffs will amend this Complaint and insert the correct names and capacities of those Defendants when they are discovered.

10. At all times mentioned, each Defendant, including DOES 1–50, was the representative, agent, employee, joint venturer, or alter ego of each of the other defendants and in doing the things alleged herein was acting within the scope of its authority as such.

### GENERAL ALLEGATIONS

11. Prior to the incident at issue, JAMIE COOLEY received the Blender. On December 18, 2022, Plaintiff ordered the Cup to use in the Blender. The cup consists of a stainless-steel body and a plastic top. The plastic top is affixed to the body of the Cup and is not meant to separate from the body of the Cup.

12. The Blender consists of a power pod, a blade assembly, and a cup. The power pod contains a motor. The Blender has an on/off button and the motor is activated by attaching the cup to the power pod and then pressing the power button. The blades are screwed into the Cup. The Cup then fits into the power pod and is locked in via a twisting motion.

13. To operate the Blender, the user adds the ingredients to the cup, screws the blade assembly to the Cup, places the Cup upside down on the power pod, twists the cup into the power pod until it locks, and presses the on/off and/or other mode buttons to start the motor.

14. On or about January 27, 2023, Plaintiff JAMIE COOLEY was using the Blender when the metal body of the Cup became unaffixed to the plastic top of the Cup. This resulted in the spinning blades being exposed, the blades striking JAMIE COOLEY's right hand, and the blades severely lacerating JAMIE COOLEY's right hand.

15. At all times mentioned, all Defendants knew or had reason to know that the Blender and the Cup were defective and unsafe.

/ / /

/ / /

2.

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

### (JAMIE COOLEY AGAINST ALL DEFENDANTS)

### Strict Products Liability - Design Defect

16.    Plaintiffs incorporate the allegations in the preceding paragraphs, as though fully set forth herein.

17.    The Blender and the Cup were defective in their design in that they did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

18.    The Blender and the Cup were defective in their design because the benefits were outweighed by the risks they posed to consumers such as JAMIE COOLEY when used or misused in an intended or reasonably foreseeable way.

19.    JAMIE COOLEY is informed and believes, and thereon alleges, the Blender and the Cup had design defects, including but not limited to:

1) The propensity of the plastic top to disengage from the metal body of the cup while in use with the Blender thereby exposing the spinning blade assembly to the user;

2) The propensity that wen such disengagement occurs, the plastic top of the Cup will stay in the Blender while in use thereby exposing the spinning blade assembly to the user; and

3) The blades rotate in the same direction as the cup loosening direction.

20.    The defective design was a substantial factor in causing JAMIE COOLEY'S damages, including both economic and non-economic, including, inter alia, medical expenses, future medical expenses, loss of earnings, including future earnings and loss of earning capacity, pain and suffering, inconvenience, mental suffering, emotional distress, and other damages in an amount not yet determined but for which California law provides a remedy.

/ / /

/ / /

/ / /

3.

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### (JAMIE COOLEY AGAINST ALL DEFENDANTS)

### Strict Products Liability – Manufacturing Defect

21.     Plaintiffs incorporate the allegations in the preceding paragraphs, as though fully set forth herein.

22.     The Blender and the Cup contained a manufacturing defect when it left Defendant's possession.

23.     JAMIE COOLEY was harmed.

24.     The defect was a substantial factor in causing JAMIE COOLEY's harm as described herein.

## THIRD CAUSE OF ACTION

### (JAMIE COOLEY AGAINST ALL DEFENDANTS)

### Strict Products Liability – Failure to Warn

25.     Plaintiffs incorporate the allegations in the preceding paragraphs, as though fully set forth herein.

26.     All Defendants had a duty to warn JAMIE COOLEY about the risks of using the Blender and the Cup.

27.     The Blender and the Cup had potential risks, including but not limited to the propensity of the plastic top to disengage from the metal body of the cup while in use with the Blender thereby exposing the spinning blade assembly to the user, that were known or knowable in light of the scientific knowledge that was generally accepted in the scientific community at the time of manufacture/distribution/sale.  These risks presented a substantial danger when the Blender and the Cup are used or misused in an intended or reasonably foreseeable way.  An ordinary consumer would not have recognized these risks.

28.     SharkNinja Operating LLC failed to adequately warn and/or instruct of these risks.

29.     The lack of sufficient instructions and/or warnings was a substantial factor in causing JAMIE COOLEY's harm as described in this Complaint.

/ / /

4.

COMPLAINT FOR DAMAGES

**FOURTH CAUSE OF ACTION**

**(JAMIE COOLEY AGAINST ALL DEFENDANTS)**

**Negligence**

30.    Plaintiffs incorporate the allegations in the preceding paragraphs, as though fully set forth herein.

31.    All Defendants owed a duty of reasonable care to JAMIE COOLEY, the public, and all foreseeable users of the Blender and the Cup, when it designed, manufactured, supplied, and inspected the Blender and Cup. This duty of reasonable care required Defendants to assure that the product was not defective or unreasonably dangerous for its intended purpose and other foreseeable uses.

32.    Defendants breached this duty of care by designing, manufacturing, supplying, and inspecting the Blender and the Cup in a manner that made the device defective and unreasonably dangerous for its intended and foreseeable use. This defect stems from the propensity of the plastic top to disengage from the Cup's metal body while in use with the Blender thereby exposing the spinning blade assembly to the user.

33.    Defendants also breached their duty by failing to warn, among other things, about the aforementioned propensity.

34.    The character of the failure of the Blender and the Cup was such that it would not ordinarily occur without negligence.

35.    Defendants' negligence was a substantial factor in causing JAMIE COOLEY's harm as described in this complaint.

/ / /

/ / /

/ / /

5.

COMPLAINT FOR DAMAGES

**FIFTH CAUSE OF ACTION**

**(JAMIE COOLEY AGAINST ALL DEFENDANTS)**

**Negligence – Recall**

36.    Plaintiffs incorporate the allegations in the preceding paragraphs, as though fully set forth herein.

37.    All Defendants knew or reasonably should have known that the Blender and the Cup were dangerous or was likely to be dangerous when used in a reasonably foreseeable manner.

38.    Defendants became aware of the Blender and the Cup's defect but failed to recall or warn of the danger of the Blender and the Cup.

39.    Defendants' failure to recall the Blender and the Cup was a substantial factor in causing JAMIE COOLEY's harm as described in this Complaint.

**SIXTH CAUSE OF ACTION**

**(PATRICK COOLEY AGAINST ALL DEFENDANTS)**

**LOSS OF CONSORTIUM**

40.    Plaintiffs incorporate the allegations in the preceding paragraphs, as though fully set forth herein.

41.    At all relevant times mentioned herein, PATRICK COOLEY and JAMIE COOLEY were lawfully married as husband and wife.

42.    Due to Defendants' conduct alleged herein resulting in damages to JAMIE COOLEY, PATRICK COOLEY has and will suffer the loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support of his wife, JAMIE COOLEY.

43.    Due to such loss, PATRICK COOLEY seeks compensation for such injuries from Defendants.

/ / /

/ / /

/ / /

EMERGENT

6.

COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, on all theories of action as follows:

(1) For general damages within the jurisdiction of the Court according to proof;

(2) For all special damages, including but not limited to medical and incidental expenses according to proof;

(3) For costs of suit herein;

(4) For prejudgment interest as permitted by law; and

(5) For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a jury trial on all issues raised in this complaint.

Dated: November 20, 2024                 Respectfully submitted,

By: _____
                      Seth I. Rosenberg

EMERGENT LLP
Attorneys for Plaintiffs,
JAMIE COOLEY and PATRICK COOLEY

EMERGENT

7.

COMPLAINT FOR DAMAGES